UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL., <br><br> Plaintiffs, <br><br> v. <br><br> GEORGIA CANCER SPECIALISTS I P.C., ET AL, <br><br> Defendants. | CIVIL ACTION NO. <br><br> 1:11-CV-00994-CAP |

# O R D E R

This matter is before the court on the plaintiffs-relators' motion [Doc. No. 155] to compel responses to Interrogatory No. 8 and Request for Production No. 14, and the plaintiffs-relators' motion [Doc. No. 165] to compel Georgia Cancer Specialists ("GCS") to provide full and complete answers on topics addressed at its recent 30(b)(6) deposition.

Interrogatory No. 8 states:

With respect to each Arrangement described in Request No. 1 of Relators' First RPD, please state whether you contend that, during the existence of such Arrangement, you had a good faith belief that the Arrangement complied with the Stark Law or the Anti-Kickback Statute, and if so, state the factual basis for such belief, including (i) whether such belief was based in whole or in part on the advice of, or communications with, any counsel, consultant, or other adviser, (ii) whether you sought or received any advice or opinions from any counsel, consultant, or other adviser with respect to such compliance, and (iii) identifying any such counsel, consultant, or adviser.

GCS responded that the information the plaintiffs seek is protected by the attorney-client privilege and/or work product doctrine and that it asks for a legal conclusion.  GCS contends that it would respond as follows if the court compels it to do so:

> GCS has a good faith belief, based on its layman's understanding of the law, that the arrangements with Option Care and Amedisys and GCS' conduct under those arrangements were appropriate under Stark Law and the Anti-Kickback Statute; it did not seek out the advice of counsel when it entered into the arrangements in question; and its belief was not based on advice or information protected by the attorney-client privilege but on historical data.

Def.'s Br. [Doc. No. 163 at 23].

GCS's reasoning is inconsistent.  On the one hand, in its response to Interrogatory No. 8 GCS claims that answering it will violate its attorney-client privilege; however, in the response GCS will use if compelled to answer, it states, "its belief was not based on advice or information protected by the attorney-client privilege but on historical data." Def.'s Br. [Doc. No. 163 at 23].  Additionally, GCS's 30(b)(6) witness stated in his deposition that GCS had consulted with attorneys regarding complex issues relating to the requirements of the Stark Law.  [Doc. No. 167-1 at 6].

GCS argues that it made decisions based on its layman's understanding of the law and not from information obtained from attorneys.  While GCS

2

says it will not rely on the advice of counsel defense, it does seem that it may argue that it believed based on its own understanding of the law that the agreements were legal.  However, as stated above, GCS's 30(b)(6) witness mentioned that in some cases GCS did rely on counsel to understand the law.  Even if GCS claims that it had a layman's understanding, the plaintiffs-relators have the right to know how GCS came to understand that and if it included information obtained from attorneys.  *See Cox v. Administrator, U.S. Steel & Carnegie*, 17 F.3d 1386, 1419 (11th Cir. 1994).

GCS must answer Interrogatory No. 8 and to the extent legal advice aided in GCS's layman's opinion, GCS must provide the requested information it obtained from its attorneys.  The attorney client privilege has been expressly waived as to Interrogatory No. 8 and Request for Production No. 14.  Therefore, GCS must provide documents responsive to Request for Production No. 14 as they relate to Interrogatory No. 8.  In sum, the plaintiffs-relators' motion [Doc. No. 155] is GRANTED; therefore, GCS must produce any information and documents, regardless of its privilege claim, that are related to Interrogatory No. 8 and responsive to Request for Production No. 14.

The plaintiffs-relators' second motion [Doc. No. 165] is regarding GCS's 30(b)(6) deposition.  First, the plaintiffs-relators request that GCS provide a representative to testify on topic 10.  Topic 10 asks:

> Whether GCS contends that it had a good faith belief that the arrangements between GCS and Option Care/AHS or Amedisys complied with the Stark Law and Anti-Kickback Statute, and if so, the basis for that belief.

GCS states "GCS has briefed this issue, including a detailed discussion of the impact the testimony of its 30(b)(6) designee has on the Court's waiver analysis, in its Response in Opposition to Relators' Motion to Compel Responses to Interrogatory No. 8 and Request for Production No. 14 . . . (Doc. 163)." Def.'s Br. [Doc. No. 168 at 2].  GCS simply argues that for the same reasons it opposed the plaintiffs-relators' first motion to compel [Doc. No. 155], it opposes providing a designee to answer Topic 10.  However, based on the above analysis of the plaintiffs-relators' first motion to compel [Doc. No. 155], GCS is ORDERED to provide a 30(b)(6) designee to respond to Topic 10.

The second issue stemming from the 30(b)(6) deposition involves Topic 13.

Topic 13 requests the following testimony:

> Communications between GCS or its Counsel and Amedisys or its Counsel regarding any potential violation of the Stark Law or Anti-Kickback Statute, including communications relating to (i) any self-disclosure by Amedisys to the Government, or (ii) the

4

>amount of time spent by Amedisys intake coordinators performing duties under the Administrative Service Agreement.

GCS first argues that the plaintiffs-relators failed to certify that they conferred in good faith with GCS to resolve this discovery dispute. However, the plaintiffs-relators allege that both parties conferred during the 30(b)(6) deposition and agreed that it would be necessary for the court to resolve this issue. The court finds this interchange sufficient to comply with the requirement to confer.

Next, GCS argues that the common interest privilege protects it from designating someone to testify on Topic 13. "The common interest privilege is an exception to the general rule that disclosure of documents protected by the work product doctrine or attorney client privilege constitutes a waiver of the protection. Parties who share strong common interests may also share privileged or protected material without waiving the privilege or protection." *Jones v. Tauber & Balser, P.C.*, 503 B.R. 510, 517 (N.D. Ga. Aug. 23, 2013). This privilege is "an exception to the general rule that the attorney-client privilege is waived upon the voluntary disclosure of the privileged information to a third party. The joint-defense privilege allows parties who share unified interests to exchange privileged information to adequately prepare their cases without losing the protection afforded by the privilege."

5

*In the Matter of Tom's Foods Inc.*, 345 B.R. 795, 798–99 (M.D. Ga. July 13, 2006). In this case, GCS does not want to provide the plaintiffs-relators with information it shared or received with Amedisys that it claims is privileged. The plaintiffs-relators argue that the common interest privilege should not apply because GCS has already waived its privilege; however, the court has found only a narrow waiver of the attorney client privilege as to information and documents responsive to Interrogatory No. 8, Request for Production No. 14, and Topic 10 for the 30(b)(6) deposition – the attorney client privilege has not been waived for all matters in this case. Additionally, the court has reviewed the documents GCS produced for an in camera review,[1] and the court finds that the common interest doctrine protects most of the documents to which GCS asserted the privilege. As to the documents the court finds not covered by the common interest doctrine, documents four through thirteen and forty-two, these remain protected by the attorney client privilege. GCS is not required to produce a designee to answer questions regarding Topic 13.[2]

---

[1] The documents reviewed by the court in camera were provided by counsel for GCS at the conclusion of the July 12, 2017, hearing. Counsel physically presented chambers staff with a binder which the court presumes to be all 126 documents listed on the privilege log. The court will maintain the binder in chambers until further order.

[2] This ruling does not protect GCS from producing or responding to inquiries requested in Interrogatory No. 8, Request for Production No. 14, or Topic 10.

The plaintiffs-relators' motion [Doc. No. 155] to compel responses to Interrogatory No. 8 and Request for Production No. 14 is GRANTED. The plaintiffs-relators' motion [Doc. No. 165] to compel full and complete answers to topics addressed at its 30(b)(6) deposition is GRANTED in part and DENIED in part. GCS must respond to Topic 10, but is not required to respond to Topic 13.

**SO ORDERED** this  10th  day of August, 2017.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge