UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES ex rel. ) <br> NATALIE RAVEN and ) <br> CHRISTY CURTIS, ) <br> ) <br> Plaintiffs-Relators, ) <br> ) <br> v. ) <br> ) <br> GEORGIA CANCER SPECIALISTS I, ) <br> P.C., et al., ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. <br> 1-11-CV-0994-CAP |

## BRIEF IN SUPPORT OF RELATORS' MOTION FOR RECONSIDERATION OF STATUTE OF LIMITATIONS RULING

On November 23, 2015, Georgia Cancer Specialists I, P.C. ("GCS") filed a motion to dismiss, asserting, among other things, that claims submitted before March 29, 2005 were outside the scope of the False Claims Act's six-year statute of limitations. Doc. 95-1, p. 10-11. In response, Relators argued that the 10-year limitations period of 31 U.S.C. § 3731(b)(2) should apply, stating as follows:

> In fact, however, the FCA provides a dual statute of limitations, stating that:
>
> (b) A civil action under section 3730 may not be brought—
>
> (1) more than 6 years after the date on which the violation of section 3729 is committed, or

> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,
>
> whichever occurs last.
>
> 31 U.S.C. § 3731(b). The statute does not designate either of these two limitations as somehow being more "important" than the other. Rather, the phrase "whichever occurs last" makes it clear that an action is timely if it complies with **either** subsection (1) or subsection (2).

Doc. 107, p. 12-13.  Relators argued that, although the Eleventh Circuit had not directly addressed the issue, subsection (2) should apply regardless of whether the United States intervenes.  *Id*., p. 12-19.

On April 1, 2016, the Court entered an order holding that subsection (2) only applies to cases in which the United States intervenes.  Order, Doc. 120, p. 16-17.  The Court held that:

> Because there has been no government intervention in this case, the six-year statute of limitations under § 3731(b)(1) applies.
>
> This action was filed on March 29, 2011 [Doc. No. 1]. Thus, any alleged FCA violations that occurred prior to March 29, 2005, are barred by the six-year statute of limitations set forth in § 3731(b)(1).  However, any claims submitted for payment or approval after March 29, 2005, are actionable even though the factual basis for those claims may have occurred outside of § 3731(b)(1)'s six-year limitations period.

Doc. 120, p. 17.  Discovery proceeded based upon the Court's ruling that claims before March 29, 2005 were dismissed.  Thus, for example, Relators' subpoena to HHS for claims data was limited to claims submitted on or after March 29, 2005, and GCS asserted numerous objections based on the Court's statute of limitations ruling.[1]

Last month, the Eleventh Circuit issued a decision in *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081 (11th Cir. April 11, 2018) (attached as Exhibit A), upholding Relators' interpretation of 31 U.S.C. § 3731(b), and holding that subsection (2) applies even when the United States declines to intervene in an action.  The Court held as follows:

> [W]e conclude that Congress intended for § 3731(b)(2)'s limitations period to be available to relators even when the United States declines to intervene. The statutory text reflects that this limitations period applies to "[a] civil action under section 3730," and nothing in § 3731(b)(2) makes the limitations period unavailable in *qui tam* actions under § 3730 simply because the United States decides not to intervene.

*Id*. at 1096.

---

[1] GCS has also raised the March 29, 2005 date in its recent summary judgment filings, asserting that conduct occurring before that date is not "relevant."  *See, e.g.*, Doc. 258, p. 13, response to SMF No. 9 ("GCS's arrangement with Option Care prior to March 29, 2005 is also irrelevant to this case").  These objections are without merit, since the Court made clear that claims are actionable "even though the factual basis for those claims may have occurred outside of § 3731(b)(1)'s six-year limitations period."  Order, Doc. 120, p. 17.  However, the fact that GCS is making such arguments shows why it is important to revisit the statute of limitations ruling.

The Court also rejected the idea that the relator's knowledge is relevant to starting the three-year period in subsection (2), holding that the limitations period begins running only when the *government* becomes aware of the fraud:

> We hold that it is the knowledge of a government official, not the relator, that triggers the limitations period.
>
> Section 3731(b)(2) is clear that the time period begins to run when "the official of the United States charged with responsibility to act in the circumstances" knew or reasonably should have known the material facts about the fraud. 31 U.S.C. § 3731(b)(2). Nothing in the statutory text or broader context suggests that the limitations period is triggered by the relator's knowledge. Given that the language is plain, we cannot rewrite the statute to say that the limitations period is triggered when the *relator* knew or should have known about the facts material to the fraud.

*Id*.

A motion to reconsider a pretrial ruling is governed by Federal Rule of Civil Procedure 54(b), which provides that:

> any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b); *see also Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Gregory v. Miami-Dade Cty.*, 2016 U.S. Dist. LEXIS 142665, at *8 (S.D. Fla. Oct. 12, 2016) ("district courts retain the power to reconsider and modify their interlocutory judgments, including

partial summary judgments, at any time prior to final judgment when such is warranted"), *rev'd on other grounds*, 2017 U.S. App. LEXIS 22903 (11th Cir. Nov. 15, 2017).

Because the Eleventh Circuit has now spoken conclusively on this issue, Relators respectfully request that the Court reconsider its statute of limitations ruling.  *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) ("The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.").  Since there is no suggestion that the United States became aware of the fraud more than three years before the filing of this lawsuit, the statute of limitations would be the full 10 years, going back to March 29, 2001.[2]

---

[2] Relators do not believe that this issue should delay consideration of the parties' summary judgment motions.  However, it would clarify that certain conduct discussed in the motions is well within the limitations period, which would go back before the parties executed the First Term Agreement and Coordination Agreement in January 2003.  Thus, the period of time when Option Care was providing free coordination and pump call services to GCS, without a written agreement, would be brought squarely within the limitations period, as would the $31,715 gift that Option Care made to GCS as part of the First Term Agreement.

Respectfully submitted, this 22nd day of May, 2018.[3]

/s/ G. Mark Simpson
G. Mark Simpson
Georgia Bar No. 647725
Simpson Law Firm, LLC
110 Habersham Drive, Suite 108
Fayetteville, GA 30214
(770) 371-5008
(678) 302-8721 (fax)
mark@marksimpsonlaw.com

Louis J. Cohen
Louis J. Cohen
California Bar No. 123968
Louis J. Cohen, A Professional Corporation
28720 Roadside Drive, Suite 273
Agoura Hills, CA 91301
(818) 889-5777
(818) 991-6999 (fax)
louiscohen@msn.com
Attorneys for Plaintiffs-Relators

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

This 22nd day of May, 2018.

/s/ G. Mark Simpson

---

[3] Counsel certifies that this brief was prepared using Times New Roman 14-point font.